UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY DAVIS,

        Plaintiff,

v.

ROBERT WILLIS, *et al.*,

        Defendants.

_____/

Case No. 4:23-cv-10621
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO SUMMARILY DISMISS EIGHTEEN DEFENDANTS

**I.  RECOMMENDATION**: The Court should summarily **DISMISS** eighteen Defendants (Parks, Laning, Edenburg, Blane, Lawrence, Sosnoski, Kunze, Kelly, Weisenbach, Lautner, Diaz, Kelly, Toplyn, Franzel, Murdock, Sanford, Ameel, and Galbenski) for Plaintiff's "fail[ure] to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). If the Court agrees with this recommendation, then this matter should proceed only as to four Defendants (Officer Willis, Officer Wagester, Animal Control Officer Matson, and Sanilac County Treasurer Bowers).

**II.  REPORT**

    **A.  Initial pleading**

Tracy Davis initiated this lawsuit *in pro per* on March 16, 2023 against twenty-five Defendants, who he describes as:

- Police officers (Robert Willis, Shelley Parks, Todd Laning, Michael Ryan Edenburg, Matthew Blane, Gene Lawrence, Mike Sosnoski, Jim Wagester)

- Prosecutors (Scott Radloff, Mark Davison, Eric G. Scott)

- A City Hall worker (Monica Kunze)

- Lawyers (Margaret Kelly, Elizabeth V. Weisenbach)

- Sanilac County Animal Control Officers (Jim Matson, Donna Lautner)

- Judges (Jason Bitzer, Gerald Prill, David Herrington, Gregory S. Ross)

- Watertown Township Assessor (Jeannie Diaz)

- Courthouse employee (Kathy A. Kelly)

- Glenn Toplyn (Center for Forensic Psychiatry)

- Traci Franzel (a Sanilac County District Court employee)

- Donald Murdock (President Village of Deckerville)

(ECF No. 1, PageID.2-14.)[1]  Plaintiff's initial filing is forty-two pages in length, consisting of: (1) one title page (*id*., PageID.1); (2) thirteen pages identifying the

---

[1] Plaintiff's descriptions of certain Defendants has been further detailed by the Sanilac County and Village of Deckerville websites. *See* https://www.sanilaccounty.net; https://www.deckerville.us (last visited May 1, 2023).

parties to the complaint (*id.*, PageID.2-14); (3) twenty-six pages describing the "basis for jurisdiction" bases for jurisdiction page (*id.*, PageID.15, 19-43); (4) one page describing the "statement of claim" (*id.*, PageID.16); and, (5) one page describing the "relief" sought (*id.*, PageID.17).

### B.  Operative Pleading

Plaintiff filed an amended complaint on April 6, 2023 against a total of twenty-nine Defendants. (ECF No. 8.) The four added Defendants are:

- Brenda S. Sanford (presumably the Sanilac County Prosecuting Attorney)

- Trudy M. Bowers (presumably the Sanilac County Treasurer)

- Frederick Ameel (presumably the Deckerville Chief of Police)

- Danielle Galbenski (presumably the Sanilac County Chief Officer of Animal Control)

(ECF No. 8.) *See* https://www.sanilaccounty.net; https://www.deckerville.us (last visited May 1, 2023).

At seven pages, the amended pleading is much shorter in length, containing only a title page (ECF No. 8, PageID.55), three pages listing the parties (id., PageID.56-57, 61), one "basis for jurisdiction" page (*id.*, PageID.58), a "statement of claim" page (*id.*, PageID.59), and a "relief" sought page (*id.*, PageID. 60). "Generally, amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.2010)) *See also Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) ("Although Drake pleaded a claim for abuse of process in his original complaint filed in state court, that complaint is a nullity, because an amended complaint supercedes all prior complaints."); and, E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation") ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). Accordingly, the amended complaint (ECF No. 8) governs this case going forward.

**B.    Summonses**

Along with his lawsuit, Plaintiff filed an application to proceed without prepaying fees or costs. (ECF No. 2.) On March 30, 2023, the Court granted Plaintiff's application and entered an order directing Plaintiff to complete service documents and for service of process by the U.S. Marshal. (ECF Nos. 6, 7.)

After Plaintiff filed his amended complaint (ECF No. 8), the Clerk of the Court issued summons for service upon twenty-eight Defendants (ECF No. 9). The docket indicates that the Clerk was unable to prepare service documents for Defendant Jim Wagester, because the service address was not provided.

4

### C. Summary dismissal

On May 1, 2023, Judge Behm entered an order dismissing as Defendants Judges Herrington, Ross, Bitzer, and Prill and Prosecutors Radloff, Davison, and Scott. (ECF No. 15.) Thus, twenty-two Defendants remain active in this case.

Judge Behm has referred this case to me for pretrial matters. (ECF No. 13.) Having reviewed the operative pleading (ECF No. 8), I recommend summary dismissal of an additional eighteen Defendants.

### D. Discussion

Notwithstanding the amended complaint's list of parties, and considering each of the amended complaint's narrative portions, the operative pleading only elaborates as to four Defendants. In a section of the form labeled "basis for jurisdiction," Plaintiff alleges that "Robert Willis violated [his] constitutional [rights][.]" (ECF No. 1, PageID.57.) In the same section, Plaintiff seems to allege that Willis . . .

> . . . took everything I own after he broke into my house without a se[a]rch warr[a]nt st[ea]ling my stuff and kicked my dog's [sic] on the[ir] own chain's [sic] and when I went to work I put my dogs in my camper so I could keep them safe[.] [Willis] came ag[a]in when I [wa]s at work ag[a]in and stole my dog's [sic] with lie's [sic] [Judge] [T]eeple threw out[.] I have a lot to say when we get it in court[.]

5

(*Id.*, PageID.58.)[2] Then, in a section of the form labeled "Statement of Claim," Plaintiff states:

> I helped the federal cops take down a bad cop Jim Wagester 25 years ago[,] and his bud[d]y asked me why Jim wants to kill me[.] [S]o[,] I am making sure I can get a restra[i]ning order ag[a]inst him[,] and the rest of the bad cop's keep trying to put false charges on me[,] and Judge Teeple threw it out a false charge on me[,] because Robert Willis and Jim Matson tr[i]ed to lie on me and never returned my dog's and Willis went on my property without a se[a]rch warr[a]nt when I was at work and he kicked my dog's on the[ir] own chain's and went into my house and stole my chainsaw[.] [I am] not good at spelling but I have a lot of witness form's [.]

(*Id.*, PageID.59.) Finally, in one of Plaintiff's lists of the parties, he states that Bowers "[illegally] had bad cops kick me out of my house making me hom[e]less[.]" (*Id.*, PageID.61.)

Thus, Plaintiff expressly mentions only four of the now remaining twenty-two Defendants, namely, Willis, Wagester, Matson, and Bowers. Conversely, the narrative portions of the operative pleading do not mention eighteen of the now remaining Defendants – *i.e.*, Parks, Laning, Edenburg, Blane, Lawrence, Sosnoski, Kunze, Kelly, Weisenbach, Lautner, Diaz, Kelly, Toplyn, Franzel, Murdock, Sanford, Ameel, and Galbenski. Accordingly, under the *in forma pauperis* statute, the unmentioned Defendants should be summarily dismissed for Plaintiff's

---

[2] Presumably, Plaintiff is referring to retired Sanilac County Circuit Court Judge Donald A. Teeple. *See* https://sbm.reliaguide.com/lawyer/48471-MI-Donald-Teeple-24262; https://sanilaccountynews.mihomepaper.com/articles/judge-teeple-reflects-on-long-career-in-the-court/.

"fail[ure] to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.    Conclusion

For the reasons stated above, the Court should summarily **DISMISS** eighteen Defendants (Parks, Laning, Edenburg, Blane, Lawrence, Sosnoski, Kunze, Kelly, Weisenbach, Lautner, Diaz, Kelly, Toplyn, Franzel, Murdock, Sanford, Ameel, and Galbenski) for Plaintiff's "fail[ure] to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). If the Court agrees with this recommendation, then this matter should proceed only as to Defendants Willis, Wagester, Matson, and Bowers.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 3, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE