UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY DAVIS,

      Plaintiff,

v.

ROBERT WILLIS, *et al.*,

      Defendants.

_____/

Case No. 4:23-cv-10621
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS MATTER PURSUANT TO FED. R. CIV. P. 41(b) and DEEM MOOT THE PENDING MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF Nos. 51, 53)

**I.**  **RECOMMENDATION**: The Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and **DEEM MOOT** Defendants Wagester, Matson, and Bowers' motion to dismiss and/or for summary judgment (ECF No. 51) and Defendant Robert Willis's motion for summary judgment (ECF No. 53).

**II.**  **REPORT:**

    **A.**  **Background**

The Court's November 22, 2023 order explained that four Defendants – Willis, Matson, Wagester, and Bowers – remained active and also that the first amended complaint (ECF No. 8) was the operative pleading. (ECF No. 55,

1

PageID.508-509.)  Moreover, the order recognized that the pending dispositive motions (ECF Nos. 51, 53) were unopposed.  (ECF No. 55, PageID.509-510.)

### B. Plaintiff has not complied with the show cause order.

On November 22, 2023, due to Plaintiff's failure to timely respond to the pending dispositive motions or otherwise advance this case, the Court entered an order requiring Plaintiff to show cause for failure to comply with the Court's scheduling orders (*see* ECF Nos. 52, 54) and/or as to why this case should not be dismissed under Fed. R. Civ. P. 41(b).  (ECF No. 55.)  The order specifically provided:

> . . . **ON OR BEFORE Monday, December 18, 2023**, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, as to: (1) why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for his failure to comply with the Court's scheduling orders (ECF Nos. 52, 54) and/or for his failure to prosecute; and, (2) must also propose a reasonable and conservative extended deadline for filing a response to Defendants' pending motions (ECF Nos. 51, 53), should the Court choose to permit responses. Failure to comply with this Order could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.

(*Id.*, PageID.510 (emphases in original).)  To date, Plaintiff has not filed a response to this show cause order.

### C. The Court should dismiss this matter for Plaintiff's failure to prosecute.

2

Plaintiff having failed to file a response to either of the pending dispositive motions (ECF Nos. 51, 53), and Plaintiff further having failed to file a response to the Court's order requiring Plaintiff to show cause (ECF No. 55), the Court should dismiss this matter for Plaintiff's failure to prosecute. As the Sixth Circuit has explained:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)). Applying these factors to the case at bar:

1. It seems that Plaintiff's failure to file a response to either of the currently pending dispositive motions (*see* ECF Nos. 51, 53) and his failure to file a response to the show cause order (see ECF No. 55) are the result of willfulness, bad faith or fault. If Plaintiff is not receiving the Court's orders mailed to his address of record, it is upon him to keep the Court apprised of any change in address, as he was warned at the outset of this case (*see* ECF No. 5). *See also* E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").[1]

---

[1] Plaintiff's address of record remains 1407 Main Street, Snover, MI 48472 – *i.e.*, as it was at the time he initiated this case in March 2023 (ECF No. 1, PageID.2) and at the time he filed his June 16, 2023 amended complaint (ECF No. 32, PageID.247). As the Court can tell, the only challenges with mail have been service attempts on various defendants.

3

2. While twenty-five Defendants were dismissed in May 2023 (*see* ECF Nos. 15, 16, 19), and taking into consideration that Plaintiff's most recent filing occurred in June 2023 (*see* ECF No. 32), the four remaining Defendants (Willis, Matson, Wagester, and Bowers) are prejudiced by having to spend any *further* time and money – *i.e.*, beyond that associated with their September 2023 dispositive motions (ECF Nos. 51, 53) – on a case that Plaintiff appears to have abandoned.

3. The Court's show cause order warned Plaintiff that failure to comply with the order "could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2[,]" (ECF No. 55, PageID.510).

4. As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given the multiple Court orders (*e.g.*, ECF Nos. 52, 54, 55) to which Plaintiff has failed to respond.

Each of the factors weighs against Plaintiff; therefore, the Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and **DEEM MOOT** the pending dispositive motions (ECF Nos. 51, 53).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

4

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  January 10, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

5